IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PCGEZG, LLC, and FNALS, LLC,**  **Plaintiffs** | § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| **MAXBEN ALTERNATIVE VENTURES I, LLC, IDIN DALPOUR, MAXBEN VENTURES, LLC, WALNUT CREEK INVESTORS, LLC, MAXBEN VENTURES INDUSTRIAL, LLC, MAXBEN VENTURES FERNDALE, LLC, MAXBEN VENTURES WOODSIDE, LLC, EDSE HOLDINGS, LLC, SIM CAPITAL, LLC, OKC INDUSTRIAL PARTNERS, LLC, and MAXBEN HOLDINGS, LLC,**  **Defendants.** | § § § § § § § § § § § § § § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs PCGEZG, LLC, and FNALS, LLC, hereby file this Original Complaint against Defendants MAXBEN ALTERNATIVE VENTURES I, LLC ("Borrower Defendant") and IDIN DALPOUR, MAXBEN VENTURES, LLC, WALNUT CREEK INVESTORS, LLC, MAXBEN VENTURES INDUSTRIAL, LLC, MAXBEN VENTURES FERNDALE, LLC, MAXBEN VENTURES WOODSIDE, LLC, EDSE HOLDINGS, LLC, SIM CAPITAL, LLC, OKC INDUSTRIAL PARTNERS, LLC, and MAXBEN HOLDINGS, LLC (collectively, "Guarantor Defendants").

## I. JURISDICTION AND VENUE

1. The Court has diversity jurisdiction under 28 U.S.C. § 1332. The amount in controversy, excluding interest and costs, exceeds $75,000.

2. Venue is proper in this District pursuant to the parties' agreement. 28 U.S.C. § 1391.

## II. PARTIES

3. Plaintiff PCGEZG, LLC, is a Texas limited liability company, whose sole member is a natural person domiciled in Texas.

4. Plaintiff FNALS, LLC, is a Texas limited liability company, whose sole member is a natural person domiciled in Texas.

5. Defendant MAXBEN ALTERNATIVE VENTURES I, LLC, is a Delaware limited liability company, whose sole member is Idin Dalpour, a natural person domiciled in New York.

6. Defendant IDIN DALPOUR is a natural person domiciled in New York.

7. Defendant MAXBEN VENTURES, LLC, is a Delaware limited liability company, whose sole member is Idin Dalpour, a natural person domiciled in New York.

8. Defendant WALNUT CREEK INVESTORS, LLC, is a Delaware limited liability company, whose sole member is Idin Dalpour, a natural person domiciled in New York.

9. Defendant MAXBEN VENTURES INDUSTRIAL, LLC, is a Delaware limited liability company, whose sole member is Idin Dalpour, a natural person domiciled in New York.

10. Defendant MAXBEN VENTURES FERNDALE, LLC, is a Delaware limited liability company, whose sole member is Idin Dalpour, a natural person domiciled in New York.

11. Defendant MAXBEN VENTURES WOODSIDE, LLC, is a Delaware limited liability company, whose sole member is Idin Dalpour, a natural person domiciled in New York.

12. Defendant ESDE HOLDINGS, LLC, is a Delaware limited liability company, whose sole member is Idin Dalpour, a natural person domiciled in New York.

13. Defendant SIM CAPITAL, LLC, is a Delaware limited liability company, whose sole member is Idin Dalpour, a natural person domiciled in New York.

14. Defendant OKC INDUSTRIAL PARTNERS, LLC, is a Delaware limited liability company, whose sole member is Idin Dalpour, a natural person domiciled in New York.

15. Defendant MAXBEN HOLDINGS, LLC, is a Delaware limited liability company, whose sole member is Idin Dalpour, a natural person domiciled in New York.

16. The Borrower Defendant and all of the Guarantor Defendants do business in Texas and are subject to personal jurisdiction in Texas. Although engaging in business in this state, the Defendants do not maintain a regular place of business in this state or a designated agent for service of process. This case arises from the Borrower Defendant's and the Guarantor Defendants' business in Texas. Accordingly, service may be made on each defendant by duplicate copies of process on the Texas Secretary of State, and the Texas Secretary of State forwarding a copy of the process by registered mail or by certified mail, return receipt requested, to Borrower Defendant's and Guarantor Defendants' home office: <u>Idin Dalpour, 20 W 22nd Street, Suite 709, New York, New York 10010</u>.

### III. FACTS

17. On or about January 23, 2023, Borrower Defendant executed and delivered to Plaintiffs a Promissory Note in the original, principal amount of $2,500,000.00 (the "Note"). *See*

Exhibit 001. Borrower Defendant and Plaintiffs also executed a Revolving Credit Agreement ("RCA") of the same date. *See* Exhibit 002. The Promissory Note had a maturity date of April 15, 2023.

18. Each of the Guarantor Defendants also executed a written Guaranty Agreement over the debt covered by the Note and RCA. Each Guaranty Agreement was executed effective January 23, 2023, *see* Exhibit 003, except for the Guaranty Agreement for Defendant Maxben Holdings, which was executed effective January 31, 2023, *see* Exhibit 004.

19. The Guarantor Defendants (except Maxben Holdings) also pledged collateral as security for their guarantees, in a written Amended and Restated Pledge and Security Agreement dated January 23, 2023, *see* Exhibit 005, including all of the company interests identified as "Pledged Securities" in the Exhibit A attached to that pledge agreement.

20. The Plaintiffs perfected their security interests by filing UCC Financing Statements (Form UCC1) in New York State and Delaware.

21. Pursuant to the Note and Credit Agreement, the Plaintiffs advanced $2,500,000 to the Borrower Defendant. The entire principal amount remains due and owing, along with a substantial amount of accrued and unpaid interest, and collection expenses. The Borrower Defendant is in default, and each of the Guarantor Defendants is liable to perform all of their obligations under the Guaranty Agreements, including but not limited to the Payment Obligations (as defined in those agreements). Plaintiffs are also entitled to exercise all of their remedies under the Amended and Restated Pledge and Security Agreement.

## IV.  CAUSES OF ACTION

### A. Breach of Contract

22. The Note, RCA, and Guaranty Agreements are all valid contracts between Plaintiffs and Defendants, and one or more events of default have occurred with respect to each of the Defendants.

23. Following default and demand, each of the Defendants has breached its respective obligations by failing and refusing to satisfy the Payment Obligations.

24. Such breaches have proximately caused Plaintiffs to suffer damages including: i) loss of the $2,500,000 principal amount advanced to the Borrower Defendant under the Note and RCA; ii) prejudgment interest at the contractual rate of 16% per annum; and iii) all costs and expenses, including but not limited to attorneys' fees, incurred by Plaintiffs in the collection and enforcement of the Note and RCA.

25. All conditions precedent to Defendants' obligations have been performed, have occurred, or have been waived.

### B. Declaratory Judgment/Judicial Foreclosure

26. Plaintiffs are secured parties and have rights to the collateral governed by the Amended and Restated Pledge and Security Agreement. Plaintiffs seek declaratory relief and judicial enforcement of their rights under that agreement, pursuant to Section 9-601 of the New York Uniform Commercial Code, and the Declaratory Judgment Act. 28 U.S.C. § 2201 *et seq.*; FED. R. CIV. P. 57.

27. Among other things, Plaintiffs seek declaratory judgment regarding their rights over each part of the collateral, as to: i) the priority of Plaintiffs' security interest; ii) Plaintiffs'

right to take control of the collateral; iii) that Plaintiffs may inspect and copy all books and records relating to the collateral; and iv) Plaintiffs' right to receive all distributions or income from the collateral until the Payment Obligations have been satisfied in full.

## V. CONDITIONS PRECEDENT

28. All conditions precedent have been performed or have occurred.

\* \* \* \*

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Defendants be cited to appear and answer, and for judgment for all legal and equitable relief to which they may be entitled against Defendants, including:

- a) actual damages including the unpaid principal amount of $2,500,000;
- b) prejudgment interest at 16% per annum;
- c) post-judgment interest at the maximum rate allowed by law;
- d) all costs and expenses, including but not limited to attorneys' fees, incurred by Plaintiffs, or that may be incurred post-judgment;
- e) declaratory relief as prayed for above;
- f) all costs of Court; and
- g) any other relief to which they may be entitled.

SIGNED this 5th day of April, 2024.

                Respectfully submitted,

                GREGOR | WYNNE | ARNEY, PLLC

                By:  */s/ Lance C. Arney*
                     Lance C. Arney
                     Attorney-in-Charge
                     State Bar No. 00796137
                     S.D. Tex. Bar No. 20703
                     Thomas M. Gregor
                     State Bar No. 24032245
                     S.D. Tex. Bar No. 32190
                     4265 San Felipe St., Suite 700
                     Houston, Texas 77027
                     (713) 333-2800 Telephone
                     larney@gwafirm.com

                     ATTORNEYS FOR PLAINTIFFS